## MINERVA METCALF *v.* J. W. STEELE, Use, etc.

1. ATTACHMENT AND GARNISHMENT: JUDGMENT AGAINST DEFENDANT IN ATTACHMENT BEFORE JUDGMENT AGAINST GARNISHEE. — A judgment cannot be rendered against a garnishee until a final judgment is obtained against the defendant in attachment. · *Gaines* v. *Beirne*, 3 Ala. 114; *Housemans* v. *Heilbron*, 23 Georgia, 186; *Rose* v. *Whaley*, 14 La. An. 374.

ERROR to the Circuit Court of Tallahatchie county. Hon. William Cothran, judge.

Attachment by Steele for the use of Young & Eskridge against Bursby; plaintiff in error summoned as garnishee; judgment by default against plaintiff in error as garnishee; no judgment against Bursby, defendant in attachment, and as far as the record shows, no service of process or publication. Writ of error by garnishee.

*D. Shelton* for plaintiff in error.

No counsel for defendant in error.

PEYTON, J., delivered the opinion of the court.

In this case, it appears that J. F. M. Young and W. S. Eskridge, the usees in this action, sued out a writ of attachment against the property of P. R. Bursby, as a non-resident of this State, for the sum of fifty-one dollars, returnable to the May Term, 1867, of the Circuit Court of Tallahatchie county; and that the plaintiff in error was summoned to answer as garnishee, and having to failed to do so, judgment was rendered against her for the sum of sixty-eight dollars.

From this judgment the plaintiff in error prosecutes this writ of error, and assigns for error, that the court erred in rendering judgment final, and awarding execution against the garnishee, the plaintiff in error, before judgment was obtained against the defendant in the attachment.

The record contains no entry of judgment against the defendant in the attachment. This is deemed indispensably necessary to justify a judgment against the garnishee. The plaintiff might not be able to establish his claim against the defendant, and in that event the anomaly would be presented of a judgment against the garnishee in favor of the plaintiff, which would afford her no protection against the subsequent action of the defendant in the attachment for the same debt.

As the whole object of the garnishment is to reach effects or credits in garnishee's hands, so as to subject them to the payment of such judgment as the plaintiff may recover against the defendant in the attachment, it results necessarily that there

can be no judgment against .the garnishee, until judgment against the defendant shall have been recovered. *Gaines* v. *Beirne*, 3 Alabama, 114; *Housemans* v. *Heilbron*, 23 Georgia, 186; and *Rose* v. *Whaley*, 14 La. An. 374.

For this reason the, judgment must be reversed and the cause remanded.